1  Gary A. Hamblet, State Bar No. 90250
2  CLARK HILL LLP
   1055 West Seventh Street, 24th Floor
3  Los Angeles, California 90017
4  Telephone:  (213) 891 9100
   Facsimile:  (213) 488-1178
5  Email:  ghamblet@clarkhill.com

6
   David M. Plouff, State Bar No. 157026
7  CLARK HILL LLP
8  600 West Broadway, Suite 500
   San Diego, California 92101
9  Telephone:  (619) 557-0404
10 Facsimile:  (619) 557-0404
   Email:  dplouff@clarkhill.com
11
12 Attorneys for Plaintiff
   EVANSTON INSURANCE COMPANY
13

14          **UNITED STATES DISTRICT COURT**
15
   **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**
16

17 EVANSTON INSURANCE COMPANY,          Case No.
   an Illinois corporation,
18                                       **COMPLAINT FOR:**
19            Plaintiff,
                                         **1.  DECLARATORY RELIEF – DUTY
20 v.                                         TO DEFEND FEDERAL ACTION**
21
   SOUTHRIDGE PROPERTY OWNERS           **2.  DECLARATORY RELIEF – DUTY
22 ASSOCIATION OF PALM SPRINGS,              TO DEFEND STATE ACTION**
   INC. a California nonprofit mutual benefit
23 corporation,                         **3.  DECLARATORY RELIEF – DUTY
24                                           TO INDEMNIFY STATE ACTION**
             Defendant.
25
26
27

28
                              - 1 -
                **COMPLAINT FOR DECLARATORY RELIEF**
221055286.v1

Plaintiff, Evanston Insurance Company ("Evanston"), for its Complaint for Declaratory Relief, alleges as follows:

## Jurisdiction and Venue

1.    This is an action for Declaratory Relief under 28 U.S.C. Section 2201 arising out of a dispute between primary insurance carrier Evanston and its insured Southridge Property Owners Association of Palm Springs, Inc. ("Southridge") over the existence and scope of the obligation to defend and/or indemnify Southridge in two underlying actions.

2.    Evanston is and has been at all relevant times a corporation organized and incorporated under the laws of the State of Illinois with its principal place of business in the State of Illinois. Evanston is an eligible surplus line insurer in the State of California.

3.    Evanston is informed and believes that defendant Southridge is and has been at all relevant times a nonprofit mutual benefit corporation organized and existing under the laws of the state of California with its principal place of business in Palm Springs, California.

4.    Jurisdiction exists under 28 U.S.C. §1332 and 28 U.S.C. §2201 because there is complete diversity of citizenship between Evanston and Southridge and because the matter in controversy, exclusive of costs, exceeds $75,000.

5.    Venue is proper under 28 U.S.C. §1391 in the Central District of California because Southridge is a corporation which does business and is subject to personal jurisdiction in the Central District of California.  Southridge therefore resides in the Central District of California under 28 U.S.C. Section 1391(d).

**COMPLAINT FOR DECLARATORY RELIEF**
221055286.v1

## <u>Allegations Common to All Claims for Relief</u>

6.     Evanston issued consecutive policies of general liability insurance to Southridge, Nos. CP042600335 ("2009 Policy"), CP042600369 ("2010 Policy), CP042600423 ("2011 Policy"), CP042600488 ("2012 Policy"), 2CR6635 ("2013 Policy"), 2CR6695 ("2014 Policy"), 2CU2629 ("2015 Policy"), and 2CR6532 ("2016 Policy"), effective for annual periods from August 19, 2009 through August 19, 2017 (collectively the "Policies").  The 2009 and 2010 Policies are subject to a $1 million each occurrence limit, a $2 million general aggregate limit (other than products/completed operations), and a $1 million Personal and Advertising Injury Limit.  The 2011 through 2016 Policies are subject to $4 million each occurrence limit, a $4 million general aggregate limit (other than products/completed operations), and a $4 million Personal and Advertising Injury Limit.

7.     The Policies' Coverage "A" insuring agreement states, in part:

a.     We will pay those sums that the insured become legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  .  .  .

\* \* \*

b.     This insurance applies to "bodily injury" and "property damage" only if:

(1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**COMPLAINT FOR DECLARATORY RELIEF**
221055286.v1

(2)    The "bodily injury" or "property damage" occurs during the policy period;  . . .

8.    The Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

9.    The Policies' Coverage "B" insuring agreement states, in part:

a.    We will pay those sums that the insured become legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.  . . .

* * *

b.    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

10.    The Policies definition of "personal and advertising injury" includes:

14.    "Personal and advertising injury" means, injury, including consequential "bodily injury", arising out of one or more of the following offenses:

* * *

c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;  . . .

- 4 -

**COMPLAINT FOR DECLARATORY RELIEF**

11.     The 2009 through 2015 Policies contain a "Pre-Existing Injury, Loss or Damage Exclusion," which states:

> The coverage under this policy does not apply to "bodily injury," "property damage," "personal and advertising injury," or any injury, loss or damage:
>
> (A)     which first occurred, began to occur, or is alleged to have occurred prior to, or is alleged to be in the process of occurring or occurring to any degree, as of the inception date of this policy; or
>
> (B)     which is caused by or alleged to have been caused by incremental, continuous or progressive damage arising from an occurrence which first occurred, began to occur, or is alleged to have occurred prior to the inception date of this policy.

12.     The 2016 Policy contains a similarly worded  "Continuous or Progressive Injury or Damage" exclusion which states:

> This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE FORM
>
> The following is added to Paragraph **2.** Exclusions under Section **I** – Coverages, Coverage **A** – Bodily Injury And Property Damage Liability and Coverage **B** – Personal And Advertising Injury Liability:
>
> This insurance does not apply to:
>
> **Continuous Or Progressive Injury Or Damage**
>
> "Bodily injury", "property damage" or "personal and advertising injury" which:

- 5 -
**COMPLAINT FOR DECLARATORY RELIEF**
221055286.v1

(1) First occurred, first began to occur, or is alleged to have first occurred;

(2) Is alleged to be in the process of occurring to any degree; or

(3) Is caused by or alleged to have been caused by incremental, continuous or progressive injury or damage arising from an "occurrence" or offense which first occurred, began to occur, or is alleged to have first occurred,

prior to the effective date of this policy.

All other terms and conditions remain unchanged.

13. On or about June 7, 2018, Safari Park, Inc. ("Safari Park") filed a complaint in the United States District Court for the Central District of California – Eastern Division naming as defendants Southridge and owners of real property in the planned residential development known as Southridge Community in Palm Springs, California. The lawsuit is entitled *Safari Park, Inc. v. Southridge Property Owners Association of Palm Springs et al.*, Case No. 5:18-cv-01233-CBM-KK (the "Federal Action").

14. The Federal Action complaint alleges, among other things, that the defendants knowingly and intentionally trespassed on land subleased to Safari Park, by continuing to use a Right-of-Way ("ROW") which expired on June 5, 2010 and by constructing and continuously operating a guard shack and gate on the subleased property.

15. On June 27, 2018, Southridge tendered its defense and indemnity of the Federal Action to Evanston.

**COMPLAINT FOR DECLARATORY RELIEF**
221055286.v1

16.     Evanston disclaimed coverage for the Federal Action via a September 17, 2018 letter.  Among other things, Evanston stated (a) no coverage exists under Coverage "A" of the Policies because the Federal Action does not allege an "occurrence;" (b) no coverage exists under Coverage "B" of the Policies because the alleged "wrongful entry" and/or "invasion of the right of private occupancy" was not committed by or on behalf of the property's owner, landlord or lessor against a "person" occupying a room, dwelling or premises; and (c) no coverage exists under the 2010 through 2016 Policies based on their "Pre-Existing Injury, Loss or Damage Exclusion" endorsement or "Continuous or Progressive Injury or Damage" exclusion endorsement because the alleged damage first occurred or began to occur prior to the inception dates for each of those policies.  Evanston expressly reserved all rights under the Policies.

17.     On October 10, 2018, Southridge sent correspondence to Evanston requesting reconsideration of Evanston's coverage disclaimer.

18.     Six days later, while the Federal Action was ongoing, some of the Southridge Community property owners filed an October 16, 2018 complaint in the Riverside County Superior Court naming Safari Park as the only defendant.  The lawsuit is entitled *Alan Neil Freiman et al. v. Safari Park, Inc.*, Case No. PSC 1806308 (the "State Action") and alleges causes of action for declaratory relief regarding prescriptive easement, equitable easement and easement by necessity in connection with owners' easement over the land subleased to Safari Park.

19.     On November 14, 2018, after the court granted Southridge's Motion to Dismiss in the Federal Action, but before the court issued its written order, Safari Park voluntary dismissed the Federal Action without prejudice as to Southridge and other defendants.

**COMPLAINT FOR DECLARATORY RELIEF**
221055286.v1

20.    On January 9, 2019, Safari Park filed an answer and cross-complaint in the State Action.  The cross-complaint included Southridge as a cross-defendant.

21.    Southridge sent a January 11, 2018 letter tendering the State Action to Evanston.  The letter also reasserted Southridge's request for reconsideration of Evanston's disclaimer of coverage regarding the now-dismissed Federal Action.

22.    Evanston sent a February 1, 2018 letter to Southridge reaffirming its coverage disclaimer for the Federal Action and disclaiming coverage for the State Action.

## FIRST CLAIM FOR RELIEF

### (DECLARATORY RELIEF – DUTY TO DEFEND FEDERAL ACTION)

23.    Evanston realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 22 as if set forth in full as part of the First Claim for Relief.

24.    The Policies' Coverage "A" insuring agreement generally provides liability coverage, including a duty to defend, with respect to any "suit" that seeks "damages" for "bodily injury" or "property damage" caused by an "occurrence" (defined in the Policies as an accident) and which occurs "during the policy period," subject to various terms, conditions, and exclusions.

25.    Evanston contends, among other things, that no coverage exists under the Policies' Coverage "A" because the complaint in the Federal Action does not allege an "occurrence (defined in the Policies as an accident).  Evanston's position is based on well-established California law which holds that a trespass is not an accident

- 8 -
**COMPLAINT FOR DECLARATORY RELIEF**
221055286.v1

merely because the trespasser was ignorant of the legal status of the property or the location of the boundary line.  Southridge claims an "occurrence" exists because it conduct was not intentional.  However, the use of the ROW and the construction/operation of the guard shack alleged in the Federal Action was inherently intentional and cannot be considered an "accident" as required for an "occurrence".  There is no allegation and no extrinsic evidence that Southridge accidently entered the disputed Right of Way or operated the guard shack.  Therefore, there was no "accident" and no potential for coverage under Coverage "A" of the Policies.

26.    The Policies' Coverage "B" insuring agreement generally provides liability coverage, including a duty to defend, with respect to any "suit" that seeks "damages" because of "personal and advertising injury" arising out of certain offenses, including the ".  .  .  entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor" which occurs "during the policy period," subject to various terms, conditions, and exclusions.

27.    Evanston contends, among other things, that no coverage exists under the Policies' Coverage "B" because there is no allegation that Southridge committed the "wrongful entry" or "invasion of right of private occupancy" as an owner, landlord or lessor of the disputed ROW.  Additionally, Southridge would not be entitled to coverage because Coverage "B" applies only to claims made by natural persons, not by corporations or business organizations such as Safari Park.

28.    The 2009 through 2015 Policies contain a "Pre-Existing Injury, Loss or Damage Exclusion," and the 2016 Policy contains a "Continuous or Progressive Injury or Damage" exclusion which generally provide that coverage under the policies does not apply to "bodily injury," "property damage," or "personal and advertising

- 9 -

injury" which first occurred, began to occur, is alleged to have occurred, or is alleged to be in the process of occurring, prior to the policy's inception date.

29.    Evanston contends, among other things, that no coverage exists under the 2010 through 2016 Policies because the complaint alleges that the trespass and resulting damage started on June 5, 2010 and have been ongoing since that date. Such damage, which began to occur before the 2010-2016 Policies incepted, is not covered by those policies.

30.    Evanston is informed and believes, and upon that basis alleges that Southridge contends that coverage is not precluded under any of the Policies and that Evanston owed a duty to defend the Southridge in the Federal Action.

31.    An actual controversy exists between Evanston and Southridge relating to the rights and duties of Evanston under the Policies.  Evanston therefore requests a declaration from this Court that Evanston has no duty to defend Southridge against the claims asserted in the Federal Action.

## SECOND CLAIM FOR RELIEF
### (DECLARATORY RELIEF – DUTY TO DEFEND STATE ACTION)

32.     Evanston realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 31 as if set forth in full as part of the Second Claim for Relief.

33.    The Policies' Coverage "A" insuring agreement generally provides liability coverage, including a duty to defend, with respect to any "suit" that seeks "damages" for "bodily injury" or "property damage" caused by an "occurrence"

**COMPLAINT FOR DECLARATORY RELIEF**
221055286.v1

(defined in the Policies as an accident) and which occurs "during the policy period," subject to various terms, conditions, and exclusions.

34.     Evanston contends, among other things, that no coverage exists under the Policies' Coverage "A" because the complaint in the State Action does not allege an "occurrence (defined in the policy as an accident).  Evanston's position is based on well-established California law which holds that a trespass is not an accident merely because the trespasser was ignorant of the legal status of the property or the location of the boundary line.  Southridge claims an "occurrence" exists because it conduct was not intentional.  However, the use of the ROW and the construction/operation of the guard shack alleged in the Federal Action was inherently intentional and cannot be considered an "accident" as required for an "occurrence."  There is no allegation and no extrinsic evidence that Southridge accidently entered the disputed Right of Way or operated the guard shack.  Therefore, there was no "accident" and no potential for coverage under Coverage "A" of the Policies.

35.     The Policies' Coverage "B" insuring agreement generally provides liability coverage, including a duty to defend, with respect to any "suit" that seeks "damages" because of "personal and advertising injury" arising out of certain offenses, including the ".  .   entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor" which occurs "during the policy period," subject to various terms, conditions, and exclusions.

36.     Evanston contends, among other things, that no coverage exists under the Policies' Coverage "B" because there is no allegation that Southridge committed the "wrongful entry" or "invasion of right of private occupancy" as an owner, landlord or lessor of the disputed ROW.  Additionally, Southridge would not be entitled to

- 11 -

**COMPLAINT FOR DECLARATORY RELIEF**

coverage because Coverage "B" applies only to claims made by natural persons, not by corporations or business organizations such as Safari Park.

37.     The 2009 through 2015 Policies contain a "Pre-Existing Injury, Loss or Damage Exclusion," and the 2016 Policy contains a "Continuous or Progressive Injury or Damage" exclusion which generally provide that coverage under the policies does not apply to "bodily injury," "property damage," or "personal and advertising injury" which first occurred, began to occur, is alleged to have occurred, or is alleged to be in the process of occurring, prior to the policy's inception date.

38.     Evanston contends, among other things, that no coverage exists under the 2010 through 2016 Policies because the complaint alleges that the trespass and resulting damage started on June 5, 2010 and have been ongoing since that date. Such damage, which began to occur before the 2010-2016 Policies incepted, is not covered by those policies.

39.     Evanston is informed and believes, and upon that basis alleges that Southridge contends that coverage is not precluded under any of the Policies and that Evanston owes a duty to defend Southridge in the State Action.

40.     An actual controversy exists between Evanston and Southridge relating to the rights and duties of Evanston under the Policies in connection with the State Action. Evanston therefore requests a declaration from this Court that Evanston has no duty to defend Southridge against the claims asserted in the State Action.

/ / /

/ / /

**COMPLAINT FOR DECLARATORY RELIEF**
221055286.v1

# THIRD CLAIM FOR RELIEF

## (DECLARATORY RELIEF – DUTY TO INDEMNIFY STATE ACTION

41.    Evanston realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 40 as if set forth in full as part of the Third Claim for Relief.

42.    The Policies' Coverage "A" insuring agreement generally provides liability coverage, including a duty to defend, with respect to any "suit" that seeks "damages" for "bodily injury" or "property damage" caused by an "occurrence" (defined in the Policies as an accident) and which occurs "during the policy period," subject to various terms, conditions, and exclusions.

43.    Evanston contends, among other things, that no coverage exists under the Policies' Coverage "A" because the complaint in the State Action does not allege an "occurrence (defined in the policy as an accident).  Evanston's position is based on well-established California law which holds that a trespass is not an accident merely because the trespasser was ignorant of the legal status of the property or the location of the boundary line.  Southridge claims an "occurrence" exists because it conduct was not intentional.  However, the use of the ROW and the construction/operation of the guard shack alleged in the Federal Action was inherently intentional and cannot be considered an "accident" as required for an "occurrence."  There is no allegation and no extrinsic evidence that Southridge accidently entered the disputed Right of Way or operated the guard shack.  Therefore, there was no "accident" and no potential for coverage under Coverage "A" of the Policies.

44.    The Policies' Coverage "B" insuring agreement generally provides liability coverage, including a duty to defend, with respect to any "suit" that seeks "damages" because of "personal and advertising injury" arising out of certain

- 13 -

**COMPLAINT FOR DECLARATORY RELIEF**

offenses, including the ".  .  . entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor" which occurs "during the policy period," subject to various terms, conditions, and exclusions.

45.    Evanston contends, among other things, that no coverage exists under the Policies' Coverage "B" because there is no allegation that Southridge committed the "wrongful entry" or "invasion of right of private occupancy" as an owner, landlord or lessor of the disputed ROW.  Additionally, Southridge would not be entitled to coverage because Coverage "B" applies only to claims made by natural persons, not by corporations or business organizations such as Safari Park.

46.    The 2009 through 2015 Policies contain a "Pre-Existing Injury, Loss or Damage Exclusion," and the 2016 Policy contains a "Continuous or Progressive Injury or Damage" exclusion which generally provide that coverage under the policies does not apply to "bodily injury," "property damage," or "personal and advertising injury" which first occurred, began to occur, is alleged to have occurred, or is alleged to be in the process of occurring, prior to the policy's inception date.

47.    Evanston contends, among other things, that no coverage exists under the 2010 through 2016 Policies because the complaint alleges that the trespass and resulting damage started on June 5, 2010 and have been ongoing since that date. Such damage, which began to occur before the 2010-2016 Policies incepted, is not covered by those policies.

48.    Evanston is informed and believes, and upon that basis alleges, that Southridge contends that Evanston owes a duty under the Policies to indemnify Southridge for any and all damages awarded in the State Action.

- 14 -
**COMPLAINT FOR DECLARATORY RELIEF**

49.    Accordingly, an actual controversy exists between Evanston and Southridge regarding Evanston's rights, duties and responsibilities under the Policies in connection with the State Action.  Evanston requests a declaration by this Court determining that Evanston owes no duty to indemnify Southridge for any damages awarded in the State Action.

## **PRAYER FOR RELIEF**

WHEREFORE, Evanston prays for judgement as follows:

1.    A declaration that under the terms of the Policies, Evanston owes no duty to defend Southridge for any of the claims or allegations asserted in the Federal Action.

2.    A declaration that under the terms of the Policies, Evanston owes no duty to defend Southridge for any of the claims or allegations asserted in the State Action.

3.    A declaration that under the terms of Policies, Evanston owes no duty to indemnify Southridge for any of the claims or allegations asserted in the State Action.

4.    For costs of suit.

5.    For such other relief as would be just and proper.

Dated: February 4, 2019                    CLARK HILL, LLP

By:    _____/s/ David M. Plouff_____
Gary A. Hamblet
David M. Plouff
Attorneys for Plaintiff
EVANSTON INSURANCE COMPANY

- 15 -

**COMPLAINT FOR DECLARATORY RELIEF**

221055286.v1